## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BOBBY E. BIERLEY, SR., | DOCKET NUMBER |
| Appellant, | SF-0752-16-0773-I-1 |
| v. | |
| DEPARTMENT OF ENERGY, | DATE: March 24, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobby E. Bierley, Sr., Mead, Washington, pro se.

Sarah T. Hawkins, Portland, Oregon, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a removal action as untimely filed without good cause shown. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 In a memorandum dated April 29, 2016, the agency informed the appellant of its proposal to remove him from the position of Electrician with its Bonneville Power Administration, no less than 30 days from the date of his receipt of that proposal, based on the charges of drug use and failure to follow instructions. Initial Appeal File (IAF), Tab 5, Subtab 4i at 1-2. The appellant, through counsel, replied. IAF, Tab 4, Subtabs 4d-4g. In a memorandum dated August 11, 2016, the agency set forth its decision to remove him effective August 12, 2016, and provided notice of his right to file a Board appeal within 30 calendar days after the receipt of the removal decision. IAF, Tab 1 at 7-8.

¶3 On September 14, 2016, the appellant electronically filed an appeal with the Board's Western Regional Office. IAF, Tab 1 at 1, Tab 6 at 2. He set forth August 15, 2016, as the date of his receipt of the agency's decision. IAF, Tab 1 at 3. He also requested a hearing. *Id.* at 2. Upon the regional office's September 14, 2016 email request that the appellant provide copies of

attachments that were not submitted online regarding his appeal, the appellant provided a copy of the August 11, 2016 removal decision by facsimile on September 16, 2016. *Id.* at 6-14.

¶4    The agency responded to the appeal, asserting that the appellant had received the removal decision by email on August 12, 2016, and that the appeal was untimely because it should have been filed no later than September 12, 2016. IAF, Tab 4 at 10, Subtab 4b at 4. The agency provided a copy of an email dated August 12, 2016, from the appellant acknowledging receipt of the decision and forwarding it to his attorney of record. *Id.*, Subtab 4b at 4.

¶5    In an order on timeliness, the administrative judge noted that the appellant's appeal appeared to have been filed 2 days late. IAF, Tab 6 at 2. He further informed the appellant of his burden on timeliness and directed him to submit evidence and/or argument demonstrating that he timely filed his appeal or that there was good cause for the filing delay. *Id.* at 2-3. The appellant filed a document, which did not explain why his appeal was filed late. IAF, Tab 7. He provided instead a narrative regarding the removal, his work history, an Office of Workers' Compensation Programs (OWCP) claim, and the penalty determination. *Id.* He submitted various medical records and statements bearing dates within the range of either years or months prior to his removal. *Id.*

¶6    Without holding the requested hearing, the administrative judge issued an initial decision, finding that the appeal was untimely and that good cause for the filing delay had not been shown. IAF, Tab 9, Initial Decision (ID) at 1, 5. The administrative judge found that, notwithstanding the appellant's allegation that he received the decision on August 15, 2016, the record reflects that he was in receipt of the decision notice on August 12, 2016, the date that he responded to the agency regarding the email. ID at 4. She noted that the decision informed him of the filing time limit but that the appellant provided no explanation for his untimely filing. ID at 4-5. Thus, she found that he had not identified any circumstances beyond his control that affected his ability to timely file his appeal,

nor had he shown he exercised due diligence or ordinary prudence under the particular circumstances of the case.  ID at 5.

¶7    The appellant has filed a timely petition for review, and the agency has filed an opposition to the petition.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    Generally, an appellant must file an appeal with the Board no later than 30 calendar days after the effective date of the contested action or 30 calendar days after the date of the appellant's receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  An appeal that is not filed within the applicable time limit will be dismissed as untimely unless the appellant shows good cause for the delay.  5 C.F.R. § 1201.22(c).  To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board considers the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his appeal.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  The appellant has the burden of proof on the issue of timeliness, which he must establish by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(B).

¶9    On review, the appellant appears to challenge the administrative judge's finding that the filing date for his appeal was September 12, 2016, based on his receipt of the notice of decision on August 12, 2016.  PFR File, Tab 1 at 1; ID at 4.  For the first time on review, the appellant asserts the following:  "The Email dated Aug. 11 2016, I didn't receive until 4 to 5 weeks later due to 2 factors."

PFR File, Tab 1 at 1. Without specifically identifying the two factors, which allegedly precluded his receipt of the decision notice, he states that he was attacked and injured in his home by someone whom he thought was his friend. *Id.* He alleges that he sustained a life-threatening injury. *Id.* He submits, however, an incident report by the Spokane Police/Spokane County Sheriff, dated August 11, 2016, regarding a simple assault and an emergency room report signed on August 14, 2016. PFR File, Tab 1 at 4-5. Both documents predate the October 24, 2016 close of record on timeliness. IAF, Tab 6 at 4. He asserts that he lost access to both his home and his computer until October 25, 2016, when his lawyer went to his home and got his laptop. PFR File, Tab 1 at 1. The Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not explained why he could not have raised these arguments in response to the administrative judge's timeliness order, and we will not consider them for the first time on review. Furthermore, the argument of a delayed receipt of the decision notice is undercut by the appellant's filing a copy of the August 11, 2016 decision notice with the regional office on September 16, 2016, IAF, Tab 1 at 7, and his acknowledgment on his appeal form of his receipt of the August 11, 2016 decision in August 2016, *id.* at 3. The appellant has not refuted the email submitted by the agency showing that he received an electronic copy of the decision letter and forwarded it to his counsel. IAF, Tab 4, Subtab 4b at 4.

¶10 The appellant also asserts that he did not receive the Standard Form 50 documenting his removal until November 2016 and submits narratives regarding personal matters, a grievance, and an OWCP claim. PFR File, Tab 1 at 1-43. He offers no explanation, argument, or evidence as to how any of these matters relates to the issue of timeliness of his appeal. *Id.* Thus, he has provided no basis for disturbing the initial decision.

¶11 Based on the foregoing analysis, we affirm the initial decision dismissing the appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.